**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Apr 13, 2018
OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

Case No.: 18-2072

BRIGHT HARVEST SWEET POTATO CO.,

            Plaintiff,

-against-

IDAHO-FRANK ASSOCIATES, INC. and MARK LYONS

            Defendants.

**COMPLAINT (to Enforce Payment From PACA Trust)**

Plaintiff, BRIGHT HARVEST SWEET POTATO CO. ("Bright Harvest"), for its complaint against defendants, IDAHO-FRANK ASSOCIATES, INC. ("IFA") and MARK LYONS ("Lyons"), (collectively "defendants") alleges:

## JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(4), (hereinafter "the PACA" or the "Act"), 28 U.S.C. §1331.

2. Jurisdiction is also based upon diversity in that the plaintiff and defendants are citizens of different states and the amount claimed is over $75,000.00 pursuant to 28 U.S.C. §1332.

3. Venue in this District is based on 28 U.S.C. §1391 in that the plaintiff's principal place of business is located within this District and the substantial events giving rise to the plaintiff's claims arose in this District.

4. The agreement and sales which form the basis of this dispute was entered into within this District and the perishable agricultural commodities sold and delivered to the defendants occurred within this District.

## PARTIES

5. Plaintiff, Bright Harvest, is a corporation duly organized under the laws of the State

1

of Oregon and is authorized to conduct business in the State of Arkansas. Plaintiff's principal place of business is located at 509 Taylor Road, Clarksville, Arkansas.

6. Plaintiff is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "produce") in interstate commerce. At all relevant times, plaintiff was licensed under the provisions of PACA.

7. The defendant, IFA, is a California corporation with a principal place of business at 391 Taylor Boulevard, Suite 180, Pleasant Hill, California 94523.

8. IFA, its agents, servants and employees, engaged in the buying and selling of wholesale quantities of produce in interstate commerce, including Arkansas.

9. The defendant, IFA, is subject to the provisions of PACA as a dealer as it engaged in purchases of perishable agricultural commodities in excess of 2,000 pounds on any given day and/or the aggregate of $230,000.00 annually.

10. The defendant, Lyons, is and was an officer, director and/or shareholder of IFA during and prior to the period of time in question, who upon information and belief, controlled the operations of IFA and was in a position of control over the PACA trust assets.

## GENERAL ALLEGATIONS

11. This action is brought to enforce the trust provisions PACA, 7 U.S.C. §499e(c).

12. Between on or about September 8, 2017 and September 25, 2017 plaintiff, Bright Harvest, sold and delivered to the defendant, IFA, wholesale quantities of produce in the aggregate principal amount of $349,675.00. Copies of the invoices for the sales of such produce are annexed hereto, as Exhibit "A".

13. Pursuant to the contract between the parties, the produce was sold and delivered FOB Plant, Clarksville, Arkansas.

14. In accordance with the contract, plaintiff delivered the produce to the defendant, IFA.

15. Defendant, IFA, has failed to pay for the produce when payment was due, despite repeated demands, and presently owes the plaintiff, the principal amount of $232,915.00 for six (6) of the nine (9) invoices for produce delivered to defendant.

16. At the time of receipt of the produce, the plaintiff, Bright Harvest, became a beneficiary of a statutory trust designed to assure payment to produce suppliers. The trust consists of all produce or produce-related assets, including all funds comingled with funds from other sources and all assets procured by such funds, in the possession or control of the defendants since the creation of the trust.

17. Plaintiff preserved its interest in the PACA trust by including the statutory language to do so on its invoices delivered to the defendant and remains a beneficiary until full payment is made.

18. The defendants' failure, refusal and/or inability to pay the plaintiff indicates that the defendants are failing to maintain PACA assets in the statutory trust freely available to pay the plaintiff and are dissipating trust assets.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS, IFA and LYONS
### (INJUNCTIVE RELIEF)

19. Plaintiff, Bright Harvest, incorporates each and every allegation set forth in paragraphs "1" to "18" above as if fully set forth herein.

3

20. The defendants failure to make payment to plaintiff, Bright Harvest, of trust funds in the amount of $232,915.00 from the statutory trust is a violation of the PACA and PACA regulations, and is unlawful.

21. Pursuant to PACA and the prevailing cases, plaintiff is entitled to injunctive relief against the defendants enjoining and restraining them and their agents from dissipating trust assets belonging to the plaintiff and requiring them to turn over to the plaintiff any and all PACA trust assets in their possession or in the possession of third-parties.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS, IFA AND LYONS
### (FAILURE TO PAY)

22. Plaintiff, Bright Harvest, incorporates each and every allegation set forth in paragraphs "1" to "21" above as if fully set forth herein.

23. Defendants received each of the produce shipments upon which this action is based.

24. The defendants are required to promptly tender to the plaintiff full payment for those shipments pursuant to the PACA.

25. The defendants have failed and refused to pay for the produce supplied by plaintiff within the payment terms agreed to between the parties.

26. As a direct and proximate result of the defendants failure to pay promptly, the plaintiff has incurred damages in the amount of $232,915.00, plus interest, costs and attorneys' fees.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT, LYONS
### (UNLAWFUL DISSIPATION OF TRUST ASSETS BY A CORPORATE OFFICIAL)

27. Plaintiff, Bright Harvest, incorporates each and every allegation set forth in paragraphs "1" to "26" above as if fully set forth herein.

28. Defendant, Lyons, is an officer, director and/or shareholder who operated defendant,

4

IFA, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff.

29. Defendant, Lyons, failed to direct IFA to fulfill his statutory duty to preserve PACA trust assets and pay the plaintiff for the produce it supplied.

30. Defendant, Lyon's failure to direct IFA to maintain PACA trust assets and to pay the plaintiff for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

31. As a result of said unlawful dissipation of trust assets the plaintiff has been derived its right as a beneficiary in the PACA trust and has been denied payment for the produce it supplied.

32. As a direct and proximate result, the plaintiff has incurred damages in the amount of $232,915.00, plus interest, costs and attorneys' fees.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT, IFA
### (GOODS SOLD AND DELIVERED)

33. Plaintiff incorporate each and every allegation set forth in paragraphs "1" through "32" above as if fully set forth herein.

34. The defendant, IFA, failed and refused to pay the plaintiff the amount of $232,915.00 owed for goods sold to and delivered to the defendant, IFA.

35. As a direct and proximate result of the defendants failure to pay promptly the plaintiff has incurred damages in the amount of $232,915.00, plus interest, costs and attorneys' fees for the collection of such sums.

**WHEREFORE**, plaintiff demand judgment against the defendants, as follows:

A. On the first cause of action against defendants, IFA and Lyons, in the sum of $232,915.00, plus interest, costs and attorneys' fees;

B. On the second cause of action against defendants, IFA and Lyons, in the sum

of $232,915.00, plus interest, costs and attorneys' fees;

        C.      On the third cause of action against defendant, Lyons, in the sum of $232,915.00, plus interest, costs and attorneys' fees;

        D.      On the fourth cause of action against defendant, IFA, in the sum of $232,915.00. plus interest, costs and attorneys' fees; and

        E.      Such other and further relief as the court deems just and proper.

Dated this 2nd day of April, 2018

Respectfully submitted,

JACK T. PATTERSON II LAW FIRM, PLLC

By: _____
JACK T PATTERSON II
Local Counsel for Plaintiff
102 South Fulton Street, Suite B
Clarksville, Arkansas 72830
(479) 754-0266
Jackpatterson@sbcglobal.net

KREINCES & ROSENBERG, P.C.

By: _____
HOWARD ROSENBERG
Attorneys for Plaintiff
900 Merchants Concourse, Suite 305
Westbury, New York 11590
(516) 227-6500
Howard@kresq.com

Z:\kreinces\WORK\General\Bright Harvest Sweet Potato Co\Complaint.wpd