IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRIGHT HARVEST SWEET POTATO CO.                                      PLAINTIFF

v.                              No. 2:18-CV-2072

IDAHO-FRANK ASSOCIATES, INC.
AND MARK LYONS                                                       DEFENDANTS

## OPINION AND ORDER

Before the Court are Defendants' motion to dismiss (Doc. 19), brief in support (Doc. 20), and Plaintiff's response in opposition (Doc. 23). For the following reasons, the Court finds that Defendant's motion to dismiss (Doc. 19) should be denied.

**I.      Background**

Plaintiff filed a Complaint against Defendants under the Perishable Agricultural Commodities Act of 1930 ("PACA"), 7 U.S.C. § 499a–499s. Plaintiff alleges that it sold and delivered wholesale produce to Defendant Idaho-Frank Associates, Inc. ("IFA") and that Defendant IFA failed to pay for the produce. Plaintiff seeks injunctive relief and damages. Defendants move to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

**II.     Legal Standard**

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). However, pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of

the cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2009).

"*Twombly* and *Iqbal* did not abrogate the notice pleading standard of [Federal] Rule [of Procedure] 8(a)(2). Rather, those decisions confirmed that Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for a misconduct alleged.'" *Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). Where the facts alleged, taken as true, "raise a reasonable expectation that discovery will reveal evidence" in support of a plaintiff's claim, the Court should not grant a motion to dismiss. *Twombly*, 550 U.S. at 556.

## III. Analysis

Defendant contends that (1) Plaintiff is not entitled to the protections of PACA, (2) Plaintiff is not entitled to injunctive relief, (3) individual defendant Mark Lyons should be dismissed, and (4) Plaintiff has not stated a basis for its fourth cause of action. The Court will address each of these arguments in turn.

### A. PACA

Defendants contends that "[a]s a threshold matter, all of the PACA claims fail because Plaintiff has failed to provide a sufficient factual basis to establish that it is entitled to the protections of PACA."

Under PACA, "[p]erishable agricultural commodities received by a commission merchant, dealer, or broker . . . shall be held . . . in trust for the benefit of all unpaid suppliers or sellers of such commodities . . . until full payment of the sums owing in connection with such transactions has been received." 7 U.S.C. § 499(e)(c)(2).

First, Defendant argues that "[t]he Complaint lacks sufficient factual allegations with respect to the perishable agricultural commodity alleged to be at issue" because "[t]he Complaint

fails to identify the fresh fruits or vegetables that Plaintiff allegedly delivered to Defendants." However, the invoices attached to the complaint identify the products sold by Plaintiff to Defendant IFA as "Frozen Sweet Potato Fries." (Doc. 9-1). Accordingly, Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that the product at issue is a perishable agricultural commodity. *See Fleming Companies, Inc. v. U.S. Dept. of Agriculture*, 322 F.Supp.2d 744, 763 (E.D. Tex. 2004) (finding that cases concluding that "battered and coated frozen potato products are not 'fresh vegetables' under PACA . . . arose before the promulgation of the USDA's new rule, which includes battering and coating as operations that do not change a commodity into a food of a different kind or character.").

Second, Defendant argues that "Plaintiff fails to state any factual basis for its conclusion that Defendant IFA is a 'dealer.'" However, the amended complaint states that "[b]etween on or about September 8, 2017 and September 25, 2017 plaintiff, Bright Harvest, sold and delivered to the defendant, IFA, wholesale quantities of produce in the aggregate principal amount of $349,675.00." (Doc. 9, ¶ 12). Accordingly, Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that Defendant IFA is a dealer under PACA. *See* 7 U.S.C. §499(a)(b)(6) ("The term 'dealer' means any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce, except that . . . no person buying any such commodity solely for sale at retail shall be considered as a 'dealer' until the invoice cost of his purchases of perishable agricultural commodities in any calendar year are in excess of $230,000.").

Third, Defendant argues that "[t]he Complaint lacks sufficient fact allegations to establish an obligation by Defendants to make payment to Plaintiff." However, the amended complaint states that "[p]ursuant to the contract between the parties, the produce was sold and delivered FOB

Plant, Clarksville, Arkansas" and "[i]n accordance with the contract, plaintiff delivered the produce to the defendant, IFA." (Doc. 9, ¶¶ 13,14). Accordingly, Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that a contract existed between Plaintiff and Defendant IFA.

Fourth, Defendant argues that "[t]he Complaint fails to state any fact allegations with respect to Defendants' receipt of PACA assets." However, as discussed in the preceding paragraph, Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that Plaintiff delivered, and Defendants received the produce.

### B. Injunctive Relief

Defendant contends that "[t]he Complaint fails to state sufficient factual allegations to state a claim to injunctive relief." Specifically, Defendant argues that Plaintiff has not met the heavy burden required to justify injunctive relief. However, Plaintiff does not need to meet that burden at this stage in the proceedings. Plaintiff is merely required to state a plausible claim to relief. As discussed in the previous section, Plaintiff has pleaded factual content that allows the Court to draw the reasonable inference that Plaintiff is entitled to the protections of PACA. PACA provides that a district court has jurisdiction to entertain injunctive actions by PACA trust beneficiaries. *See Frio Ice., S.A. v. Sunfruit, Inc.*, 918 F.2d 154, 158 (11th Cir. 1990). Accordingly, because Plaintiff has stated a plausible claim for relief under PACA, it has stated a plausible claim for injunctive relief–a remedy available under PACA.

### C. Lyons' Individual Capacity

Defendant contends that the claims against Defendant Lyons should be dismissed because "[t]he Complaint is devoid of any factual basis to establish that Lyons had control over PACA trust assets" and because "Plaintiff failed to state factual allegations to support the conclusion that

4

Lyons dissipated a PACA trust." The complaint alleges that "Defendant, Lyons, is an officer, director and/or shareholder who operated defendant, IFA, during the relevant time period and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to the plaintiff." (Doc. 9, ¶ 28). The complaint further alleges that "Defendant, Lyons, failed to direct IFA to fulfil his statutory duty to preserve PACA trust assets and pay the plaintiff for the produce it supplied." (Doc. 9, ¶ 29). Courts have generally found that employees and officers of corporate dealers who are in a position to control trust assets may also be liable under PACA. *Red's Market v. Cape Canaveral Cruise Line*, Inc., 181 F.Supp.2d 1339, 1343 (M.D. Fla. 2002) (discussing cases). "Case law generally holds that an individual in control of PACA trust assets may be liable for failure to preserve the *res* of the trust without regard to whether the failure was intentional or whether the individual was an otherwise responsible corporate officer." *Id.* at 1344. Accordingly, because Plaintiff has alleged that Lyons was in a position of control over the PACA trust assets, it has stated a plausible claim against him individually.

### D. Fourth Cause of Action

Defendant contends that Plaintiff fails to state either a legal basis or a sufficient factual basis for the fourth cause of action in its complaint, which is titled "Goods Sold and Delivered." In its response, Plaintiff states that the fourth claim "is really a claim under Arkansas' law for breach of contract." While the complaint did not identify the fourth cause of action as a breach of contract claim, "under the Federal Rules of Civil Procedure, a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Under Arkansas law, "[i]n order to state a cause of action for breach of contract, 'the complaint need only assert the existence of a valid and enforceable contract between the plaintiff and defendant, the obligation of defendant thereunder, a violation by the defendant, and damages resulting to plaintiff

from the breach.'" *Rabalaias v. Barnett*, 683 S.W.2d 919, 921 (Ark. 1985). As discussed in the PACA section of this order, Plaintiff has stated a plausible claim for breach of contract.

**IV.    Conclusion**

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 19) is DENIED.

IT IS SO ORDERED this 26th day of July, 2018.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE